[Cite as *State v. Lynch*, 2012-Ohio-2975.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

  Appellee

  v.

CEDRIC LYNCH

  Appellant

C.A. No.  11CA010031


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.  02CR061052

DECISION AND JOURNAL ENTRY

Dated: June 29, 2012

---

MOORE, Judge.

{¶1} Appellant, Cedric Lynch, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2002, the Lorain County Grand Jury indicted Lynch on several charges. After a bench trial, the trial court found Lynch guilty of three offenses, including a first degree felony. The trial court sentenced Lynch to a total of seven years of incarceration, and this Court affirmed his convictions. *State v. Lynch*, 9th Dist. No. 04CA008531, 2005-Ohio-2401. In 2008, Lynch filed a motion for resentencing, arguing that the trial court failed to properly impose postrelease control. After a resentencing hearing, the trial court issued an amended sentencing entry, setting forth that post release control was mandatory in this case "up to" a maximum of 5 years. Lynch timely appealed from the resentencing entry, and Lynch's appellate counsel filed an *Anders* brief, identifying no nonfrivolous, appealable issues. This Court agreed and affirmed the trial

court's judgment. *State v. Lynch*, 9th Dist. No. 08CA009434, 2009-Ohio-1824. The trial court subsequently issued two amended entries which "contained typographical errors," and then "issued an amended judgment entry of conviction and sentencing on February 12, 2009." *Id.* at ¶ 4.

**{¶3}** On January 18, 2011, Lynch completed his prison sentence, and, later that year, he filed a motion to terminate postrelease control supervision, arguing that postrelease control was never properly imposed. The trial court denied the motion.

**{¶4}** Lynch timely filed a notice of appeal from the trial court's order denying his motion and presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT REFUSED TO VACATE [ ]
LYNCH'S POSTRELEASE CONTROL SUPERVISION.

**{¶5}** In his sole assignment of error, Lynch argues that the trial court erred by failing to vacate that portion of his sentence imposing postrelease control. We disagree.

**{¶6}** R.C. 2967.28 governs the imposition of postrelease control. Under R.C. 2967.28, "[e]ach sentence to a prison term for a felony of the first degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." The mandatory term of postrelease control for a first degree felony is five years. R.C. 2967.28(B)(1).

**{¶7}** In its 2002 sentencing entry, the trial court failed to set forth the mandatory nature and the length of the postrelease control. In its resentencing entry, the trial court imposed postrelease control, but mistakenly included some discretionary language concerning the term of his postrelease control by stating that postrelease control was "mandatory up to 5 years." This

language remains in the most current nunc pro tunc resentencing entry. Therefore, Lynch contends that, because the trial court utilized the words "up to" in the sentencing entry, the trial court ordered a discretionary period of postrelease control, contrary to statute. Based upon this fact, Lynch argues that the portion of his sentence imposing postrelease control is void, and, because he has served his prison term, he cannot now be resentenced. Accordingly, Lynch contends that the trial court erred in denying his motion to terminate postrelease control.

{¶8} Pursuant to R.C. 2967.28, the trial court, when imposing postrelease control, must notify the offender of (1) the mandatory or discretionary nature of postrelease control, (2) the length of time the offender will be subject to postrelease control, and (3) consequences for violating the terms of postrelease control. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 69. Here, at the 2008 resentencing hearing, the trial court notified Lynch as follows, "[Y]ou need to be aware that you will be supervised after you leave prison, which is referred to as post-release control, for five years. This is mandatory." The trial court further notified Lynch that, if he were to commit a felony during his period of postrelease control, he "may be sent to prison for the remaining post-release control period or 12 months, whichever is greater." Lynch does not contend that the court's oral notification as to postrelease control was incorrect; instead, he focuses his argument on the trial court's incorrect use of the words "up to" in his resentencing entry. Based upon the court's use of this language, Lynch argues that postrelease control cannot be imposed because he cannot be subject to another resentencing to correct the error since he has completed his prison term. In support of this argument, Lynch relies heavily upon the Ohio Supreme Court's decision in *Bloomer*.

{¶9} In *Bloomer*, the trial court incorrectly notified the defendant Barnes of postrelease control at his resentencing hearing by failing to notify Barnes of the length of postrelease control.

*Id.* at ¶ 69. The trial court then issued a sentencing entry, which also failed to set forth the length of postrelease control and incorrectly set forth that Barnes "may be" rather than "shall be" supervised under postrelease control after his release from prison. (Emphasis sic.) *Id.* at ¶ 62. The Ohio Supreme Court determined that the trial court had not properly imposed postrelease control due to its failure to set forth the length of postrelease control at the resentencing hearing or within the resentencing entry and due to its incorrect inclusion of discretionary language in the resentencing entry. *Id.* at ¶ 69. The Court further determined that, because Barnes had completed his prison sentence, he could not be resentenced to correct these errors, and he could not be subject to postrelease control. *Id.* at ¶ 70-72.

{¶10} However, unlike the defendant Barnes in *Bloomer*, Lynch does not dispute that the notification given at his resentencing hearing pertaining to postrelease control was proper. Rather, he has attacked only the language used in the sentencing entry.

{¶11} In *Qualls*, the Ohio Supreme Court addressed an issue pertaining to postrelease control notification where the notification was properly given at the sentencing hearing, but the sentencing entry improperly set forth the postrelease control term or failed to reference postrelease control. *State v. Qualls*, Slip Op. No. 2012-Ohio-1111. In *Qualls* at ¶ 18-19, the Court set forth,

> [I]n order to comply with separation-of-powers concerns and to fulfill the requirements of the postrelease-control-sentencing statutes, especially R.C. 2929.19(B) and 2967.28, a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control. *Woods v. Telb*, 89 Ohio St.3d 504 (2000), paragraphs one and two of the syllabus; *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph one of the syllabus; *Bloomer* at ¶ 2.
>
> We have also stated that a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing. *E.g., Jordan* at paragraph one of the syllabus, *see* current

R.C. 2929.14(D). But our main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry. *See id.* at ¶ 23 (recognizing that the "statutory duty" imposed is "to provide notice of postrelease control at the sentencing hearing"); *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 26 (stressing the importance of notification); *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 52 (stating that the "preeminent purpose" of the statutes is "that offenders subject to postrelease control know at sentencing that their liberty could continue to be restrained after serving their initial sentences").

**{¶12}** Here, as in *Qualls*, the trial court verbally notified Lynch of the correct terms of applicable postrelease control prior to his release from prison. However, in *Qualls*, the trial court noted that the defendant's sentencing entry was required to be corrected prior to his release from prison. In the present case, Lynch has been released from prison. The issue of whether postrelease control that was improperly imposed in a sentencing entry could be imposed after an offender's release from prison was not directly implicated in *Qualls*. However, on review from the Fourth District's decision affirming the trial court's denial of Qualls' motion for resentencing, the Supreme Court discussed this issue, distinguishing between sentencing entries that made no reference to postrelease control, and those that incorrectly set forth the terms of postrelease control:

> **A Sentencing Entry that Contains No Reference to Postrelease Control Must Be Timely Corrected**
>
> For purposes of addressing the certified issue, we recognize two important principles that our postrelease-control precedents have emphasized. One principle is that unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 28–30; *compare Watkins* at ¶ 48–51 (when a sentencing entry made some reference to postrelease control, any deficiencies in the entry could have been raised on appeal, and postrelease control can be imposed upon the defendant's release from prison).

*Qualls* at ¶ 16.

{¶13} Here, Lynch's resentencing entry included notification of postrelease control. It mistakenly identified postrelease control as discretionary, similar to the entries at issue in *Watkins*. In *Watkins*, 2006-Ohio-5082, prisoners who suffered postrelease control sanctions sought writs of habeas corpus, arguing that the underlying postrelease control notifications misrepresented the mandatory nature of their postrelease control. *Id.* at ¶ 43. The Court distinguished the sentencing entries at issue in *Watkins*, from those at issue in *Hernandez* and *Adkins*. The Court noted that the sentencing entries in *Hernandez* and *Adkins* contained *no reference* to postrelease control. *Watkins* at ¶ 48. Therefore, the Court explained that "the trial court lacked jurisdiction to issue a nunc pro tunc entry adding postrelease control to the sentence after Adkin's original sentence had expired." *Watkins* at ¶ 48. However, because entries pertaining to the prisoners in *Watkins* "contained sufficient language to authorize the Adult Parole Authority to exercise postrelease control over the petitioners," any argument as to the imposition of postrelease control could have been raised on appeal, and thus habeas corpus was not available. *Id.* at ¶ 51, 53.

{¶14} Although *Watkins* is procedurally distinct from the present case, the citation in *Qualls* suggests that its result is applicable in cases that do not involve petitions for habeas corpus. *See id.,* and *Qualls* at ¶ 16. *See also State v. Garrett*, 9th Dist. No. 24377, 2009-Ohio-2559, ¶ 15-16 (applying *Watkins* in the context of a substantial compliance analysis where the trial court denied appellant's post-conviction motion to withdraw guilty plea). Here, just as in *Watkins*, Lynch's sentencing entry imposed postrelease control and mistakenly set forth some discretionary language. Therefore, because Lynch's entry "contained sufficient language to authorize the Adult Parole Authority to exercise postrelease control" over him, the trial court did not err in denying Lynch's motion to terminate postrelease control on the basis that the

sentencing entry mistakenly included discretionary language, where the oral notification at the sentencing hearing properly advised Lynch of the terms of postrelease control. *See Watkins* at ¶ 53.

{¶15} Accordingly, Lynch's sole assignment of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P.J.
DICKINSON, J.
CONCUR.

APPEARANCES:

E. KELLY MIHOCIK, Assistant State Public Defender, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BILLIE JO BELCHER, Assistant Prosecuting Attorney, for Appellee.