[Cite as *State v. Ford*, 2012-Ohio-4028.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ERIC FORD

    Appellant

C.A. No.     26260

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 10 11 3046

DECISION AND JOURNAL ENTRY

Dated: September 5, 2012

MOORE, Judge.

{¶1} Defendant, Eric Ford, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2010, the Summit County Grand Jury indicted Mr. Ford on the following charges: possession of heroin in violation of R.C. 2925.11(A) and (C)(6) with an attendant criminal forfeiture specification, illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), trafficking in heroin in violation of R.C. 2925.03(A) and (C)(6) with an attendant criminal forfeiture specification, and possessing criminal tools in violation of R.C. 2923.24. Mr. Ford initially pled not guilty to these charges but later entered into a plea agreement with the State, whereby he agreed to plead guilty to the possession of heroin charge, the attendant forfeiture specification, and the possession of criminal tools charge. Mr. Ford claims that, at the time of his sentencing, he was subject to federal supervised release. He

contends that in exchange for his guilty pleas, the State agreed to recommend to the trial court that he be sentenced to a total term of 2 ½ years of incarceration to run concurrent with his "federal sentence," which he expected to receive for violating the terms of his federal supervised release. The trial court sentenced him accordingly, and ordered that "the sentence imposed in this case be served concurrently and not consecutively with [Mr. Ford]'s federal sentence."

{¶3} Two months later, Mr. Ford filed a motion to withdraw his guilty plea or to enforce the plea agreement, arguing in part that he was still in state custody; so his state sentence was not running concurrent with his federal sentence. Based upon this, Mr. Ford contended that he had served "approximately two months worth a [sic] dead time – and counting" because his attorney had explained to him that his federal sentence would not start until he was in federal custody. In addition, Mr. Ford argued that the terms of the plea agreement, as read to him in court on April 22, 2011, were not reflected in the trial court's sentencing order. Thereafter, Mr. Ford filed an amendment to his motion to include a request to correct his sentencing entry to reflect his recollection of the plea agreement. Attached to this motion, Mr. Ford included a copy of a purported federal court order providing that his federal sentence be served consecutively, and not concurrently, with his state sentence. Consequently, Mr. Ford indicated that the terms of his plea agreement could not be fulfilled. In a journal entry dated November 16, 2011, the trial court denied Mr. Ford's motion to withdraw his guilty plea without a hearing. Mr. Ford appealed from the trial court's denial of his motion and raises two assignments of error for our review. We have consolidated the assignments of error to facilitate our discussion.

II.

## ASSIGNMENT OF ERROR I

THE STATE OR TRIAL COURT BREACHED [MR. FORD]'S PLEA AGREEMENT.

## ASSIGNMENT OF ERROR II

[MR. FORD]'S GUILTY PLEA WAS INVOLUNTARILY RENDERED, IT
WAS INDUCED BY AN UNFULFILLED OR UNFULFILLABLE PROMISE.

{¶4} In his first assignment of error, Mr. Ford argues that the State and the trial court breached the plea agreement. In his second assignment of error, Mr. Ford argues that he did not voluntarily enter into the plea agreement because the State induced him to enter a guilty plea in exchange for a promise that it was unable to fulfill. Based upon these arguments, Mr. Ford argues that the trial court erred by denying his postsentence motion to withdraw his guilty plea.

{¶5} A postsentence motion to withdraw a guilty plea should be granted only in extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). Crim.R. 32.1 governs motions to withdraw guilty pleas, and provides,

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

"Manifest injustice" relates to a fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process. *State v. Ruby*, 9th Dist. No. 23219, 2007-Ohio-244, ¶ 11. "Manifest injustice" has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). The burden is on the individual seeking withdrawal of his plea to establish the existence of manifest injustice. *Smith* at paragraph one of the syllabus.

{¶6} The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court. *Id.* at 264. Therefore, this Court will not disturb a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. The term "abuse of

discretion" implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶7}     Here, Mr. Ford's motion in the trial court raised arguments pertaining to alleged promises to cause both his sanctions for violation of state parole and for violation of federal supervised release to run concurrent to his present sentence.  However, Mr. Ford has limited his arguments on appeal to those pertaining to the alleged promises regarding his sanction for violation of federal supervised release.  We will limit our review accordingly.

{¶8}     Mr. Ford's arguments in regard to serving his sentence concurrent with the federal sentence are premised upon a plea agreement which he contends was read to him in court on April 21, 2011.  However, Mr. Ford did not file a transcript of the April 21, 2011 proceeding with either this Court or the trial court to substantiate the terms of the plea agreement.  There is a printed document in the record entitled  "written plea of guilty" that contains hand written notes as follow:

> F2 poss heroin – w/ spec 1642 – 70/30 APD, GPS, surveillance camera (2 yrs p) mand
>
> F5 poss. crim tools 6m p c/s total 2 ½ yrs
>
> Run c/c to federal time.

On the pages that follow there are signatures that appear to be those of Mr. Ford and his trial counsel.

{¶9}     Other than the foregoing notations, the record is devoid of the terms of the plea agreement.  The sentencing entry dated April 27, 2011 appears to order the terms as noted in the above quoted language: two years of incarceration on the possession of heroin charge, forfeiture of $1642, and six months of incarceration on the possession of criminal tools charge, to run consecutively for a total of 2 ½ years of incarceration.  The trial court also ordered that the

sentence be served concurrent with his federal sentence. Despite this, Mr. Ford argues that he did not voluntarily enter into the plea agreement because the federal court chose to cause his federal sentence to run consecutive to the sentence imposed by the state court.

{¶10} A trial court assures that a plea is knowingly, voluntarily and intelligently entered during the plea colloquy as required by Crim.R. 11. *See State v. Daugherty*, 9th Dist. No. 05CA0058, 2006-Ohio-2684, ¶ 5. Here, as we have no transcript of the colloquy, we must presume that Mr. Ford entered his guilty pleas knowingly, voluntarily and intelligently and that no promise was made to Mr. Ford in regard to whether the federal authorities would acquiesce to concurrent terms. *See State v. Griffin*, 9th Dist. No. 17953, 1997 WL 333312, *2 (June 11, 1997) (in absence of transcript, regularity of proceedings is presumed). Moreover, Mr. Ford's motion demonstrates that he was aware of this potential outcome. In Mr. Ford's motion, he suggested the trial court follow a procedure that he claimed was utilized in a previous proceeding. In that proceeding, Mr. Ford maintained that the trial court solved "the same problem of getting [him] into federal custody, after [he] was sentenced by the state to a sentence that was said to be concurrent with [his] federal sentence." In that case, Mr. Ford claimed that the state court "vacated [his] state sentence, which forced the federal authorities to act on their detainer and take [him] into custody. Once [he] was in federal custody, the state's sentence was reinstated and ordered to be served concurrent to the federal sentence, as intended."

{¶11} Therefore, whether Mr. Ford believed that the State could bind the federal courts to a plea agreement or if he believed that the trial court would follow the same course that he claimed was previously utilized to prompt the federal sentence to commence, such mistaken beliefs are insufficient to allow withdrawal of his plea. *See Griffin* at *2 ("mistaken belief as to the consequences of a guilty plea is insufficient grounds for the withdrawal of the plea").

Further, nowhere in the record before us does the State or the trial court make representations regarding the effect that the plea would have on the federal court's ability or likelihood of sanctioning Mr. Ford in contravention to the State and Mr. Ford's agreement.

{¶12} Accordingly, based upon the record before this Court, we conclude that Mr. Ford did not meet his burden of demonstrating that manifest injustice has occurred. Therefore, the trial court did not abuse its discretion in denying the withdrawal of his guilty plea, and his assignments of error are overruled.

III.

{¶13} Mr. Ford's assignments of error are overruled. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ERIC L. FORD, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.