Lanzinger, J.,
concurring in part and dissenting in part.
{¶ 15} Not so long ago, res judicata would have barred this action. Now, because of the quagmire created in the void/voidable line of cases, Billiter can arguably claim that he was not under detention because the postrelease portion of his sentence was “void.” See State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. We can easily avoid the judicial obstacle course arising from the void-sentence doctrine by simply clarifying that mistakes in imposing sentences make the sentence merely voidable — that is, subject to being reversed on direct appeal.
I. The Majority’s Decision Undermines Res Judicata
{¶ 16} This should be a simple case. In 1998, Billiter erroneously received a discretionary three years, instead of the mandatory five years, of postrelease control as part of his sentence. Although the sentence was in error, it was voidable, not void, and both Billiter and the state had the right to appeal for 30 days after the sentence was announced. App.R. 4. Of course, Billiter had no motive to appeal, since the shorter monitored period after prison was to his advantage. But the sentence was res judicata. Billiter’s later escape charge was based upon his breaking detention within the three-year period of postrelease control to which he had been sentenced, and his later violation of community control led to a new prison term. Finis. See, e.g., State v. Boswell, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 17-18 (Lanzinger, J., dissenting).
{¶ 17} Now, however, Billiter claims that he is innocent of the crime of escape, reasoning that the postrelease portion of his 1998 sentence was “void” by virtue of a line of cases that weaken res judicata by allowing collateral attacks on sentences that fail to correctly follow a statutory mandate. See Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 (latest case redefining the term “void” for purposes of postrelease control). Thus, the argument continues, until he was resentenced, he was not properly under detention. And if he was not under detention, he could not have committed escape, a violation of R.C. 2921.34, which requires that the person be under detention and “purposely break or attempt to break the detention, or purposely fail to return to detention.” Billiter now claims that he is serving an unjust sentence and that his guilty plea should be withdrawn.
{¶ 18} The majority accepts this argument and holds that Billiter may challenge his 1998 postrelease control order 14 years later, even though he never filed a direct appeal challenging his original 1998 conviction, his June 2004 conviction *109 for escape, or his August 2004 sentence following the revocation of his probation. Rather than encouraging finality in judgments, the court has encouraged collateral attacks of this type. “A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.” Fischer, paragraph one of the syllabus. To allow collateral attack in addition to appeal undermines the principles of res judicata. See State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16-18.
II. Problems Continue to Arise After Fischer
{¶ 19} The majority opinion in this case highlights the shortcomings of the court’s decision in Fischer. The opinion in Fischer explicitly limited its holding to “a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control.” Fischer at ¶ 31. Today, however, the majority has ignored the court’s own limitation of Fischer by extending the expansion of collateral attack to other sentences. This is not the first time the court has disregarded the limitation of Fischer. See State v. Harris, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus (expanding the Fischer analysis in concluding that “[w]hen a trial court fails to include a mandatory driver’s license suspension as part of an offender’s sentence, that part of the sentence is void”).
{¶ 20} The fact that we are persistently called upon to address issues arising from the application of Fischer demonstrates the problems inherent in the decision.[1] While the majority has not acknowledged that its handling of certain sentencing errors continues to create convoluted consequences, commentators have begun questioning this court’s jurisprudence in the area.[2] And despite the majority’s statement that its decision is consistent with previous cases, recent *110 history has shown that the court has been anything but clear and consistent in its postrelease control cases, in which it has followed various lines of reasoning only to change or reverse course when the consequences of this reasoning become unworkable.[3]
{¶ 21} An additional concern raised by this opinion is its apparent resurrection of State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, a case that was partially overruled by Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus. The majority cites with approval Bezak’s formulation of what “void” means in the postrelease control context:
*111 As we have consistently stated, if a trial court imposes a sentence that is unauthorized by law, the sentence is void. “ ‘The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.’ ” Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12, quoting Romito v. Maxwell, 10 Ohio St.2d 266, 267-268, 227 N.E.2d 223 (1967).
Majority opinion at ¶ 10. The majority’s move to reaffirm this portion of Bezak directly contradicts the principle set forth in Fischer that the court claimed it “overlooked in Bezak “when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.” Fischer at ¶28. As the saying goes, the majority cannot have its cake and eat it, too. Either a sentence is “void” as demanded by Bezak or “in part void” as reconstituted in Fischer. Far from being consistent, the majority is completely baffling in its approach to what “void” means in the postrelease control context.
{¶ 22} Furthermore, the court’s decision today raises serious doubts as to the continued vitality of State v. Jordan, 124 Ohio St.3d 397, 2010-Ohio-281, 922 N.E.2d 951. Jordan held, “To obtain a conviction for escape under R.C. 2921.34(A)(1), the state may prove that the defendant was subject to postrelease control without proving that during a sentencing hearing the trial court orally notified the defendant that he would be subject to postrelease control.” Id. at syllabus. In Jordan, the trial court’s sentencing entry properly imposed a three-year term of postrelease control, but no record existed as to whether the court orally advised him during sentencing that he would be subject to postrelease control. Id. at ¶ 3-4. Like Billiter, Jordan failed to comply with the terms of postrelease control and was found guilty of escape in violation of R.C. 2921.34. Id. Because the case did not arise as a direct challenge to Jordan’s postrelease control via an appeal of his sentence, this court held that the case did not fall under the control of Bezak and other postrelease control cases. Id. at ¶ 12. Instead, the majority held that ordinary standards regarding the sufficiency of evidence applied. Id.
{¶ 23} The Jordan court noted that its holding rested upon the fact that there was no evidence that postrelease control was improperly imposed, and it stated that its holding “does not reach the question whether a defendant can be convicted of escape when the evidence affirmatively demonstrates that the Department of Rehabilitation and Correction lacked the authority to supervise the accused.” (Emphasis sic.) Id. at ¶ 14-15. However, given the majority’s silence today regarding Jordan and its expansion of Fischer to this line of cases, *112 it remains unclear whether Jordan survives or whether it too has been swallowed by the whale that is Fischer.
III. Conclusion
{¶ 24} The implications of the majority’s decision are troubling for the doctrine of res judicata. Fourteen years after Billiter’s original sentence was announced, this court has now declared it to be void. While in this case, the court’s holding works in Billiter’s favor, the possibility exists that it could be applied in favor of the state, meaning that if some portion of a defendant’s postrelease control is found to be improper, he or she could be hauled into court 14, 20, or even 50 years after the original sentence had been “finalized.”
{¶ 25} The application of Fischer in this case is even more problematic than it has been in this court’s other postrelease control cases. Before this case, res judicata ruled the day: once Billiter was released from prison and placed on postrelease control, both he and the state knew that he would be subject to the supervision of the APA for three years. If Billiter failed to comply with the terms of his postrelease control, he would face certain consequences, but if he met his requirements for three years, he would no longer be subject to supervision. For his failure to comply, Billiter was indicted on a charge of escape, he pled guilty, and he was sentenced. Today, the majority explodes a settled process, and no one can be certain when a sentence is truly final.
{¶ 26} The Fischer majority stated, “[I]t is likely that our work in this regard is drawing to a close, at least for purposes of void sentences.” Id. at ¶ 31. But two years after that decision was announced, there is no end in sight to the void/voidable conundrum. I agree with the majority opinion to the extent that under current precedent, defendants should be allowed to ignore res judicata to the same extent as the state by collaterally attacking a sentence. However, I continue to dissent fundamentally from this line of cases and would hold that without an appeal by either party, this sentence took effect. Any sentencing error made the sentence voidable, not void, and should have been appealed within 30 days. Otherwise, res judicata demands that the sentence stand.
Lundberg Stratton, J., concurs in the foregoing opinion.

. See, e.g., State v. Lynch, Supreme Court case No. 2012-1361, 133 Ohio St.3d 1464, 2012-Ohio-5149, 977 N.E.2d 693, notice of appeal of judgment in 9th Dist. No. 11CA010031, 2012-Ohio-2975, 2012 WL 2499598 (asking this court to accept jurisdiction over the issue whether a trial court has jurisdiction to terminate postrelease control supervision if the defendant has completed his prison term and postrelease control is not properly imposed in a judgment entry, even if the defendant has notice that postrelease control should be a part of his sentence).

. See Falvo, Survey of Ohio Law: Ohio Supreme Court Decisions: II. Cases Concerning Criminal Procedure: C. Posh-Release Control: State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, Decided March 20, 2008, 35 Ohio N.U.L.Rev. 1182 (2009); McGraw, “Oh By the Way ..Why the Supreme Court of Ohio Lost Its Way in State of Ohio v. Fisher, 128 Ohio St.3d 92 (2010), 80 U.Cin.L.Rev. 567 (2011); Lau, Survey of Ohio Law: Ohio Supreme Court Decisions: I. Cases Concerning State and Federal Constitutional Law: E. Sixth Amendment: Criminal Resentencing: State v. Bezak, 114 Ohio St.3d 94, 2007 Ohio 3250, 868 N.E.2d 718, Decided July 11, 2007, 34 Ohio N.U.L.Rev. 945 (2008); Medelius, Survey of Ohio Law: Ohio Supreme Court Decisions: V. Other Criminal Law: A. Appellate Review of Sentencing Errors: State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, Decided December 23, 2010, 37 Ohio N.U.L.Rev. 949 (2011).

. Compare State v. Beasley, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984) (“Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void”), with State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 27 (“When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing”). Compare Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32 (in the absence of appropriate notification of postrelease control by a trial court and incorporation of postrelease control in its sentencing entry, the Adult Parole Authority is not authorized to put an offender on postrelease control, and if the offender’s sentence has expired, the offender is entitled to a writ of habeas corpus) with Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 51-53 (habeas corpus is not available to contest sentencing entries that erroneously refer to discretionary rather than mandatory postrelease control). Compare State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus (when postrelease control is not properly included in a sentence, that sentence is void, and the offender is entitled to a new sentencing hearing) with State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 29 (sentences imposed after improper judicial fact-finding are not void, but voidable). See also State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus (the state is entitled to a new sentencing hearing to have postrelease control imposed when mandatory postrelease control was not properly included in a sentence); State v. Boswell, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 1 (when a defendant seeks to withdraw a guilty plea to a crime that required postrelease control but the trial court failed to impose it, the motion to withdraw the guilty plea must be treated as a presentence motion under Crim.R. 32.1); State v. Bloomer, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69-72 (discharging a defendant who had received improper notification of postrelease control and had already completed his prison term); State v. Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraphs one and two of the syllabus (for sentences imposed prior to July 11, 2006, in which the trial court failed to properly impose postrelease control, the trial court shall hold a de novo sentencing hearing to correct the sentence, but for sentences imposed on or after July 11, 2006, in which the trial court failed to properly impose postrelease control, the trial court shall follow R.C. 2929.191 to correct the sentence); State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26-29, 40 (when a judge fails to impose statutorily mandated postrelease control as part of a defendant’s sentence, only part of the sentence is void and must be set aside, and res judicata applies to all other nonpostrelease-control portions of the sentence. Bezak and its progeny are overruled to the extent that those cases required a de novo sentencing hearing to correct sentences in which postrelease control was not properly imposed); State v. Qualls, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, syllabus (omission of postrelease control from a sentencing entry can be corrected with a nunc pro tunc entry when a defendant is notified about postrelease control at the sentencing hearing).