[Cite as *State v. Baker*, 2012-Ohio-5645.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

TIMOTHY BAKER

    Appellant

C.A. No.    26411

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 1998 03 0575

DECISION AND JOURNAL ENTRY

Dated: December 5, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}    Timothy Baker pleaded guilty to four counts of burglary. The trial court sentenced him to 12 years in prison and imposed five years of post-release control. Mr. Baker served his prison term and was released, but later violated the terms and conditions of post-release control. After he was sent back to prison for the violation, he moved to vacate the sanction, arguing that the part of his sentence that imposed post-release control was void. Mr. Baker argued that, because burglary is a felony of the second degree, the court should have imposed only three years of post-release control. The trial court denied his motion because it concluded that, even though it had imposed the incorrect amount of post-release control, the sentencing entry was sufficient to place him on notice that he would be subject to post-release control after he completed his sentence. Mr. Baker has appealed, assigning as error that the court incorrectly denied his motion to vacate. We reverse because the post-release control part of Mr.

Baker's sentence was void, and, therefore, the trial court did not have authority to sanction him for a violation of post-release control.

## POST-RELEASE CONTROL

{¶2} Mr. Baker's assignment of error is that the trial court incorrectly refused to terminate his supervision under post-release control and release him from prison. In *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, the Ohio Supreme Court held that "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id*. at paragraph one of the syllabus. In *State v. Billiter*, __ Ohio St. 3d __, 2012-Ohio-5144, the Ohio Supreme Court affirmed that "*Fischer* applies to every criminal conviction, including a collateral attack on a void sentence . . . ." *Id*. at ¶ 11.

{¶3} In this case, the trial court, in its sentencing entry, attempted to impose five years of post-release control on Mr. Baker. Five years was not the "statutorily mandated term" of post-release control, however, so the provision is void. *State v. Billiter*, __ Ohio St. 3d __, 2012-Ohio-5144, ¶ 7 (quoting *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, paragraph one of the syllabus); R.C. 2967.28(B)(2) (providing that the period of post-release control that a trial court must impose for a felony of the second degree is three years). "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." *State v. Bezak*, 114 Ohio St. 3d 94, 2007-Ohio-3250, ¶ 12 (quoting *Romito v. Maxwell*, 10 Ohio St. 2d 266, 267 (1967)).

{¶4} The facts of this case are similar to *Billiter*. In that case, Mr. Billiter pleaded guilty to aggravated burglary and domestic violence and was sentenced to three years in prison

followed by "up to a maximum of three (3) years" of post-release control. *State v. Billiter*, __ Ohio St. 3d __, 2012-Ohio-5144, ¶ 2. The correct term of post-release control was five years. After Mr. Billiter completed his prison term, the parole authority placed him on post-release control. While still under post-release control, he pleaded guilty to a charge of escape. The court sentenced him to community control, but he immediately violated it, so the court sentenced him to six years imprisonment. Mr. Billiter then moved to vacate the post-release part of his conviction, arguing that the court had imposed the wrong term. He also moved to withdraw his plea to the escape charge. The Ohio Supreme Court, applying *Fischer*, held that res judicata did not bar Mr. Billiter from challenging the validity of the post-release control part of his original sentence and that the trial court did not have jurisdiction to convict him of escape. *Id*. at ¶ 11-12. It explained that, "[h]ere, the trial court failed to sentence Billiter to a correct term of postrelease control. Accordingly, his sentence was void. The trial court's incorrect sentence for postrelease control in 1998 was insufficient to confer authority upon the Adult Parole Authority to impose up to three years of postrelease control on Billiter. Although the Adult Parole Authority actually did place Billiter under supervision . . . and Billiter did violate the terms of that postrelease control . . . , Billiter's escape conviction was based on an invalid sentence. Accordingly, the trial court was without jurisdiction to convict him on the escape charge." *Id*. at ¶ 12 (citations omitted).

{¶5} Because the trial court imposed the wrong term of post-release control when it sentenced Mr. Baker for burglary and it failed to correct the problem before he was released from prison, we conclude that Mr. Baker was not subject to post-release control following his release from prison. We, therefore, vacate the trial court's sentencing entry to the extent that it

attempted to impose post-release control. We also vacate any sanctions that have been imposed on Mr. Baker for violating post-release control. Mr. Baker's assignment of error is sustained.

## CONCLUSION

{¶6}    Because the trial court's attempted imposition of post-release control was void, the court should have granted Mr. Baker's "motion to vacate judicial sanction and terminate postrelease control supervision." The judgment of the Summit County Common Pleas Court is reversed.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, J.
CONCURS.

WHITMORE, P. J.
DISSENTING.

{¶7} Because the trial court correctly refused to terminate Baker's post-release control term and vacate his judicial sanction for having violated it, I respectfully dissent. I would affirm the judgment of the trial court.

{¶8} For a second-degree felony offense that is not a sex offense, the proper term of post-release control is three years. R.C. 2967.28(B)(2). Baker's sentencing entry provided that he would be subject to five years of post-release control after his release from prison. There is no dispute that the trial court failed to properly impose post-release control upon Baker in his 1998 sentencing entry because it sentenced him to five years of post-release control rather than three years. Further, no one disputes that Baker completed his twelve year sentence. The only issue is whether the trial court erred when it denied Baker's motion to terminate his post-release control term.

{¶9} There are two key aspects of a term of post-release control: the in-court notification the defendant receives and the incorporation of the notification into his sentencing entry. "[A] trial court must provide statutorily compliant notification to a defendant regarding post[-]release control at the time of sentencing, including notifying the defendant of the details of the post[-]release control and the consequences of violating post[-]release control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18. The defendant's sentencing entry then must contain "sufficient language to authorize the Adult Parole Authority to exercise post[-]release control over [him]." *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 53. When a

defendant completes the prison term he was ordered to serve, he can no longer be subject to a resentencing to correct errors in the imposition of his post-release control. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶ 18, *modified in part*, *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. *Accord Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126.

{¶10} As between the in-court notification a defendant receives and the court's codification of that notice in the sentencing entry, the in-court notification is of greater importance. *Qualls* at ¶ 19 ("[O]ur main focus in interpreting the sentencing statutes regarding post[-]release control has always been on the notification itself and not on the sentencing entry.").

> [W]hen the notification of post[-]release control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the flaw. The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term.

*Id.* at ¶ 24. Further, even if a sentencing entry cannot be corrected by a nunc pro tunc entry because a defendant already has served his prison term, post-release control will not be terminated if (1) a defendant received a proper in-court notification, and (2) his sentencing entry contained sufficient language for the Adult Parole Authority to exercise its control over him. *State v. Lynch*, 9th Dist. No. 11CA010031, 2012-Ohio-2975, ¶ 12-14.

{¶11} Baker did not provide the trial court with a transcript of his plea hearing or his sentencing hearing. Baker informed the court that he had attempted to procure the transcripts, but that he had been informed they were unavailable due to the age of his case. The record reflects that Baker did not file a praecipe for the transcripts until after the trial court issued its decision and he filed his notice of appeal. He then received the transcripts of the 1998 hearings and filed them with the clerk of courts for the trial court and for this Court more than two months

after the trial court's decision. Baker now asks this Court to consider the transcripts as evidence that he never received an in-court notification of his post-release control obligations at the time he entered his plea or at the time of his sentencing.

{¶12} This Court is "constrained by the record on appeal." *Walker v. Lou Restoration*, 9th Dist. No. 26236, 2012-Ohio-4031, ¶ 8. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. *Accord Young v. Bishop*, 9th Dist. No. 21025, 2002-Ohio-5944, ¶ 19 ("[T]his Court will not review the transcript because the trial court did not have the opportunity to review it in rendering its judgment."); *Atco Medical Products, Inc. v. Stringer*, 9th Dist. No. 18571, 1998 WL 161340, *2 (Apr. 8, 1998) ("An appellate court cannot consider a transcript on appeal that was not filed with the lower court before it made its judgment."). Baker only filed a praecipe with the trial court after its decision and never presented the trial court with the transcripts he now seeks to introduce on appeal. Because the trial court did not have the transcripts of the 1998 hearings when it considered Baker's motion, I would not consider them on appeal. *Ishmail* at syllabus.

{¶13} In the absence of an adequate record, a court must presume regularity in the proceedings. *State v. Ford*, 9th Dist. No. 26260, 2012-Ohio-4028, ¶ 10. As such, we should presume that Baker received a statutorily compliant in-court notification of post-release control in 1998. *See id. See also Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, at ¶ 18. The only remaining question is whether his sentencing entry contained sufficient language for the Adult Parole Authority to place him on post-release control. *See Watkins*, 111 Ohio St.3d 425, 2006-Ohio-5082, at ¶ 53. As previously noted, Baker's sentencing entry provided that he would be

subject to five years of post-release control after his release from prison. Although the entry contained an error in that it should have imposed three years of post-release control upon Baker, it still "'contained sufficient language to authorize the Adult Parole Authority to exercise post[-]release control' over him." *Lynch*, 2012-Ohio-2975, at ¶ 14, quoting *Watkins* at ¶ 53. Further, Baker could have raised the error on direct appeal. *Lynch* at ¶ 13.

> [B]ecause [Baker's] entry "contained sufficient language to authorize the Adult Parole Authority to exercise post[-]release control" over him, the trial court did not err in denying [his] motion to terminate post[-]release control * * *, where [we must presume that] the oral notification at the sentencing hearing properly advised [him] of the terms of post[-]release control.

*Id.* at ¶ 14, quoting *Watkins* at ¶ 53. Thus, the trial court properly refused to terminate Baker's post-release control term.

{¶14} The majority's reliance upon *State v. Billiter*, Slip Opinion No. 2012-Ohio-5144, is misplaced. The record in *Billiter* demonstrated that Billiter received both an improper post-release control notification at his sentencing hearing and an improper term of post-release control in his sentencing entry. *Billiter* at ¶ 34 (O'Donnell, J., dissenting). Billiter's post-release control term was void, and therefore subject to review at any time, because both his in-court notification and sentencing entry were deficient. *Billiter* at ¶ 7, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085 (where post-release control notification is absent from the sentencing hearing, the sentence is void). Unlike Billiter, Baker failed to show that he received an improper post-release control notification. In fact, because Baker failed to fulfill his duty to provide the trial court with the necessary transcripts, we must presume that he actually did receive a proper notification. *Billiter*, therefore, does not apply.

{¶15} Absent an improper post-release control notification, termination of post-release control is not a proper remedy. *See Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 20-24;

*Lynch*, 2012-Ohio-2975, ¶ 12-14. The only remedy Baker sought was a termination of his post-release control term. As set forth above, the court properly denied his motion.

APPEARANCES:

E. KELLY MIHOCIK, Assistant State Public Defender, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.