[Cite as *State v. Croftcheck*, 2014-Ohio-4265.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    13CA010516 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| NICHOLAS CROFTCHECK | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.    12-CR-085379 |

DECISION AND JOURNAL ENTRY

Dated: September 29, 2014

---

HENSAL, Presiding Judge.

{¶1}    Nicholas Croftcheck appeals a judgment of the Lorain County Court of Common Pleas that denied his motion to withdraw plea. For the following reasons, this Court affirms.

I.

{¶2}    On June 20, 2012, the Grand Jury indicted Mr. Croftcheck on one count of burglary with a repeat violent offender specification and one count of theft. In exchange for pleading guilty to the offenses, the State agreed to recommend that the trial court sentence Mr. Croftcheck to three years of community control. The parties also agreed that, if Mr. Croftcheck violated the terms of community control, the court would sentence him to five years imprisonment. The trial court accepted Mr. Croftcheck's plea, and sentenced him in accordance with the parties' agreement.

{¶3}    Soon after being placed on community control, Mr. Croftcheck failed to meet with his probation officer. He, therefore, was arrested for a community control violation. Before

the court held a probable cause hearing on the violation, however, Mr. Croftcheck moved to withdraw his plea to the burglary and theft charges, alleging that his counsel had been ineffective. Specifically, Mr. Croftcheck argued that his lawyer failed to explain the elements of each offense to him and failed to investigate his competency to stand trial. Following a hearing, the trial court denied Mr. Croftcheck's motion, found that he violated the terms of community control, and sentenced him to five years imprisonment. Mr. Croftcheck has appealed the denial of his motion to withdraw plea.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT MR. CROFTCHECK HAD NOT ESTABLISHED THAT HE SUFFERED A MANIFEST INJUSTICE SUCH THAT HE SHOULD HAVE BEEN PERMITTED TO WITHDRAW HIS PLEA.

{¶4} Mr. Croftcheck argues that the trial court incorrectly denied his motion to withdraw plea. Criminal Rule 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Mr. Croftcheck acknowledges that, because he filed his motion after sentencing, he must demonstrate manifest injustice. "Manifest injustice" is a "clear or openly unjust act" that is a "miscarriage of justice or is inconsistent with the demands of due process." *State v. Ford*, 9th Dist. Summit No. 26260, 2012-Ohio-4028, ¶ 5, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998).

{¶5} It is within the trial court's sound discretion whether to grant a motion to withdraw a plea. *State v. Smith*, 49 Ohio St.2d 261(1977), paragraph two of the syllabus. "An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-

discretion standard." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶6} In his motion, Mr. Croftcheck argued that he should be allowed to withdraw his plea because his trial counsel had been ineffective. "A manifest injustice results from ineffective assistance of counsel only when, because of the ineffective assistance, the guilty plea is not entered knowingly and voluntarily." *State v. Smith*, 9th Dist. Lorain No. 06CA008926, 2006-Ohio-5478, ¶ 9.

{¶7} Mr. Croftcheck argues that his trial lawyer misadvised him to accept a plea deal because his lawyer did not understand the factual basis for the charges. According to Mr. Croftcheck, the victim of the burglary and theft was the mother of his fiancée. Mr. Croftcheck contends that, because he was living at the victim's home at the time of the offenses, the State could not have proved trespass, one of the elements of burglary. His lawyer, therefore, should not have advised him to plead guilty to that count.

{¶8} Mr. Croftcheck also argues that his counsel was ineffective because he did not bring Mr. Croftcheck's mental health issues to the court's attention. According to Mr. Croftcheck, he has had memory lapses for several years and suffers from epilepsy and bipolar disorder. Although his lawyer was familiar with his mental issues, he did not suggest to Mr. Croftcheck the possibility of entering a plea of insanity and did not ask the trial court for a competency hearing.

{¶9} At the hearing on Mr. Croftcheck's motion, the trial court noted that Mr. Croftcheck had previously pleaded guilty and been convicted of burglary on three other separate occasions. It found that, in light of those prior convictions, it was difficult to believe that Mr. Croftcheck was not familiar with the elements of burglary at the time he entered his guilty plea. It, therefore, found his testimony not credible on that issue. Regarding Mr. Croftcheck's mental health issues, the court noted that it had granted Mr. Croftcheck a number of continuances so that he could obtain evidence to substantiate his claims of physical or mental disability. Despite those continuances, Mr. Croftcheck failed to present any medical evidence at the hearing that verified his mental health claims. It, therefore, found his testimony and the testimony of his fiancée not credible on that issue as well.

{¶10} The trial court was in the best position to assess the credibility of the witnesses who testified in support of Mr. Croftcheck's ineffective-assistance-of-counsel allegations. *In re A.K.*, 9th Dist. Summit No. 23283, 2007-Ohio-48, ¶ 11. Upon review of the record, we conclude that the trial court did not abuse its discretion when it determined that Mr. Croftcheck failed to establish that his trial counsel was ineffective and, thus, failed to demonstrate manifest injustice. Mr. Croftcheck's assignment of error is overruled.

### III.

{¶11} The trial court exercised proper discretion when it denied Mr. Croftcheck's motion to withdraw plea. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

MICHAEL E. STEPANIK and CHARLES J. WILKINS, Attorneys at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.