[Cite as *State v. Leasure*, 2011-Ohio-3666.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25682 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GARY LEASURE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2005 08 2917 |

DECISION AND JOURNAL ENTRY

Dated: July 27, 2011

MOORE, Judge.

{¶1} Appellant, Gary Leasure, appeals his conviction in the Summit County Court of Common Pleas. This Court affirms in part and vacates in part because the trial court's journal entries contain errors in the imposition of postrelease control, requiring that part of the entries to be vacated as void.

I.

{¶2} On August 22, 2005, Mr. Leasure was indicted on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree, and one count of domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the first degree. On October 3, 2005, he pled guilty to one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree, in exchange for the second count being dismissed. That same day, the trial court sentenced Mr. Leasure to two years of incarceration. The court immediately suspended his

sentence and placed him on community control. The sentencing entry dated October 5, 2005, imposes a discretionary term of up to three years of postrelease control.

{¶3} Mr. Leasure violated community control three times. The trial court allowed him to remain on community control after pleading guilty to his first two violations on June 16, 2006, and August 24, 2007, respectively. When he again violated community control and pled guilty to the violation on April 3, 2008, the trial court imposed two years of incarceration on the original domestic violence conviction. The April 11, 2008 sentencing entry imposes the three-year period of postrelease control. Mr. Leasure was released from custody on February 6, 2010.

{¶4} On August 16, 2010, Mr. Leasure filed a motion to vacate the October 5, 2005, and April 11, 2008 judgments. On October 20, 2010, the trial court found that it did not have jurisdiction to declare the judgments void because Mr. Leasure had completed the sentence. He timely filed a notice of appeal and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERRED IN DENYING MR. LEASURE'S MOTION TO VACATE THE VOID OCTOBER 5, 2005 AND APRIL 11, 2008 JUDGMENTS THAT FAILED TO IMPOSE POSTRELEASE CONTROL UNDER R.C. 2967.28(B) AND R.C. 2929.19, THUS VIOLATING MR. LEASURE'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS. []"

{¶5} In his sole assignment of error, Mr. Leasure contends that the trial court erred in denying his motion to vacate. He has argued that, because the trial court failed to properly notify him of postrelease control, his entire sentence is void. We disagree.

{¶6} Under Section 2967.28(B) of the Ohio Revised Code, "[e]ach sentence to a prison term for a felony of the  * * * third degree * * * shall include a requirement that the offender be subject to a period of post-release control * * * after the offender's release from imprisonment."

For a felony of the third degree involving physical harm or the threat of physical harm, the period is three years. R.C. 2967.28(B). Under R.C. 2929.19(B)(3)(c)/(e), the trial court must notify the offender that he will be on postrelease control after his release and that, if he violates a condition of postrelease control, the parole board may impose a sentence of up to one-half of the prison term originally imposed. Both the period of postrelease control and the possible violation sanctions must be "included in the judgment entry journalized by the court." *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, at ¶11.

{¶7} The Ohio Supreme Court has held that "a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void [and] must be vacated." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, at ¶22. Recently, it has reconsidered its precedent in this area and held that only the part of the sentence improperly imposing postrelease control must be vacated as void, leaving the rest of the sentence intact. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶26-28.

{¶8} Because the October 5, 2005 sentencing entry sentenced Mr. Leasure to a prison term, but then suspended the term and placed him on community control, R.C. 2967.28(B) and 2929.19(B)(3)(c)/(e) apply to his sentence. See *State v. Douglas*, 9th Dist. No. 25564, 2011-Ohio-2380, at ¶4. Rather than imposing the statutorily mandated term of three years of postrelease control, the trial court imposed "up to" three years. The trial court had no authority to "substitute a different sentence for that which is required by law." *Simpkins* at ¶20; see also *State v. O'Neal*, 9th Dist. No. 09CA0045-M, 2010-Ohio-1252, at ¶6 (noting that sentence imposing "up to a maximum of five years" of postrelease control does not meet statutory requirement of mandatory five years for a first-degree felony). Therefore, the part of the sentence addressing postrelease control is void and must be vacated. *Fischer* at ¶26.

{¶9} In the April 11, 2008 sentencing entry, the trial court sentenced Mr. Leasure on a charge of violating the terms and conditions of community control. The trial court properly imposed the statutory term of three years of postrelease control. However, it failed to inform him that the parole board may impose a prison term up to one-half of his original prison term if he violated postrelease control. Accordingly, the part of Mr. Leasure's sentence imposing postrelease control is vacated as void. Id.; *State v. Summers*, 9th Dist. No. 10CA0020-M, 2011-Ohio-1862, at ¶7 (noting this Court's inherent power to vacate a void judgment).

{¶10} In many cases, a postrelease control error may be easily remedied. *Singleton* at paragraphs one and two of the syllabus. If, however, the error is not discovered until after the offender has been released from prison, the courts no longer have authority to impose postrelease control. Id. at ¶15-16; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, at ¶70, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, at ¶18 ("[O]nce an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control."). The State has not disputed Mr. Leasure's assertion that he has completed his two-year prison term. Accordingly, because the postrelease control error was not discovered until after Mr. Leasure completed his prison term, he cannot be re-sentenced to impose the proper term of postrelease control. *Bloomer* at ¶70, citing *Bezak* at ¶18. Mr. Leasure's assignment of error is overruled.

III.

{¶11} Mr. Leasure's assignment of error is overruled. Because the trial court did not properly impose postrelease control, we exercise our inherent power to vacate the part of each sentence that improperly imposed postrelease control. The rest of each sentence shall remain intact. The judgment of the Summit County Common Pleas Court denying Mr. Leasure's motion

to vacate is affirmed, its October 5, 2005, and April 11, 2008, journal entries are partially vacated, and the matter is remanded with instructions for the trial court to discharge Mr. Leasure from all postrelease control obligations and note on the record that, because he has completed his original term of imprisonment, he will not be subject to re-sentencing.

Judgment affirmed in part,
vacated in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CONCURS

WHITMORE, J.
<u>CONCURS IN PART AND DISSENTS IN PART, SAYING:</u>

{¶12} Although I agree with this Court's judgment insofar as it vacates the post-release control portion of Leasure's April 2008 sentencing entry and ultimately concludes that Leasure cannot be resentenced, I do not join in the decision to vacate the post-release control portion of Leasure's October 2005 sentencing entry. For the reasons set forth in my dissent in *State v. Leasure*, 9th Dist. No. 25596, ____-Ohio-____, I do not believe this Court has the authority to vacate the October 2005 entry. Any post-release control sanction Leasure would face would be a result of the April 2008 sentencing entry, not the October 2005 entry. No justiciable controversy exists as to the October 2005 entry. Accordingly, I respectfully dissent with regard to this Court's decision insofar as it examines and vacates the post-release control portion of Leasure's October 2005 entry.

<u>APPEARANCES:</u>

WENDI L. OVERMYER, and DEBRA M. HUGHES, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.