[Cite as *State v. King*, 2012-Ohio-4580.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. CT2012-0009 |
| CHAISE KING | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Muskingum County Court
of Common Pleas, Case No. CR 2011 253


JUDGMENT:  Reversed and Remanded


DATE OF JUDGMENT ENTRY:  October 1, 2012


APPEARANCES:


For Plaintiff-Appellee  For Defendant-Appellant


ROBERT L. SMITH  ERIC J. ALLEN
Assistant Prosecuting Attorney  The Law Office of Eric J. Allen, Ltd.
27 North Fifth Street  713 South Front
Zanesville, Ohio 43701  Columbus , Ohio 43206

*Hoffman, J.*

{¶1}    Defendant-appellant Chaise King appeals his sentence entered by the Muskingum County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}    On January 9, 2012, Appellant entered a plea of guilty to one count of aggravated burglary, in violation of R.C. 2911.12, a felony of the first degree.  On February 13, 2012, the trial court sentenced Appellant to a three year prison term.  The trial court also imposed a three year and ten month prison term for Appellant's alleged violation of his post-release in Muskingum County Case Number CR 2003-7A.

{¶3}    Appellant now appeals, assigning as error:

{¶4}    "I. THE TRIAL COURT ERRED WHEN IT IMPOSED A JUDICIAL SANCTION OF 1461 DAYS FOR POST RELEASE CONTROL IMPROPERLY IMPOSED AND NEVER CORRECTED IN CASE NUMBER CR 2003-7A."

{¶5}    Appellant argues his post-release control in Muskingum County Case Number CR2003-7A was improperly imposed because the trial court journal entry reads,

{¶6}    "The court further notified the defendant that post release control is mandatory in this case up to a maximum of five (05) years as well as the consequences for violating conditions imposed by the parole board under Revised Code §2967.28."

{¶7}    The Ohio Supreme Court in *State v. Fischer,* 128 Ohio St.3d 92 (2010), held a sentence that does not include the statutorily mandated term of post-release

---

[1] A rendition of the facts underlying the charge is unnecessary for our disposition of this appeal.

control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.

{¶8} Appellant's sentence imposing post-release control in the underlying case, CR 2003-7A, was void as the trial court failed to state a definite term of post-release control. Appellant had served his entire sentence in Case No. CR2003-7A, had not been resentenced, and there was no nunc pro tunc entry filed correcting the improper post-release control imposition according to *State v. Bloomer* 122 Ohio St.3d 200, 2009-Ohio-2462 and *State v. Simpkins* 117 Ohio St.3d 420, 2008-Ohio-1197. Accordingly, we find the trial court erred in imposing a prison term for violating a "void" post release control sanction.

{¶9} The sole assignment of error is sustained, and Appellant's sentence in the Muskingum County Court of Common Pleas is reversed, and the matter remanded to the trial court for the limited purpose of resentencing.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                          :
    Plaintiff-Appellee                 :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
CHAISE KING                               :
                                          :
    Defendant-Appellant                :          Case No. CT2012-0009

For the reason stated in our accompanying Opinion, Appellant's sentence in the Muskingum County Court of Common Pleas is reversed, and the matter is remanded to the trial court for the limited purpose of resentencing in accordance with our Opinion and the law. Costs to Appellee.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin
HON. W. SCOTT GWIN

s/ Julie A. Edwards
HON. JULIE A. EDWARDS