[Cite as *State v. Adams*, 2016-Ohio-336.]

STATE OF OHIO      )             IN THE COURT OF APPEALS
                        )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

STATE OF OHIO                  C.A. No.     14CA010709

      Appellee

      v.                        APPEAL FROM JUDGMENT
                              ENTERED IN THE
BRIAN J. ADAMS           COURT OF COMMON PLEAS
                              COUNTY OF LORAIN, OHIO
      Appellant           CASE No.    06CR071831

DECISION AND JOURNAL ENTRY

Dated: February 1, 2016

HENSAL, Presiding Judge.

{¶1}   Brian Adams appeals an order of the Lorain County Court of Common Pleas that denied his motion to vacate void post-release control. For the following reasons, this Court reverses.

I.

{¶2}   In 2007, Mr. Adams pleaded guilty to aggravated burglary, aggravated robbery, felonious assault, attempted murder, tampering with evidence, and multiple firearm specifications. The trial court sentenced him to a total of seven years in prison. At sentencing, the court notified Mr. Adams that, following his release from prison, he would be subject to five years of mandatory post-release control. It also told him the consequences for violating post-release control. In its sentencing entry it wrote:

> The Defendant was advised at the time of the plea of guilty/no contest and at the time of sentencing of post-release control, pursuant to R.C. 2929.19(B)(3)(c), to which he/she would be subject, and the consequences of violating the terms of post-release control or of committing a new felony while on post-release control.

FIVE YEARS MANDATORY[.]

The court later issued a nunc pro tunc sentencing entry that clarified that Mr. Adams's aggregate sentence was seven years. Mr. Adams did not appeal his convictions or sentence.

{¶3} In August 2013, Mr. Adams completed his prison term and was placed on post-release control. In June 2014, he moved to vacate his post-release control, arguing that, because the nunc pro tunc entry did not include any information about post-release control, he could not be subject to it. He also argued that, although the court could normally issue a new entry to correct the deficiency, that remedy was unavailable because he had already completed his prison term. The trial court denied his motion.

{¶4} Mr. Adams has moved this Court for leave to file a delayed appeal of the denial of his motion to vacate. Having reviewed the record, we conclude that the granting of a delayed appeal is a proper exercise of discretion under Appellate Rule 5. We, therefore, will consider Mr. Adams's assignment of error.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO VACATE POSTRELEASE CONTROL WHERE, CONTRARY TO LAW AND IN VIOLATION OF DEFENDANT'S SUBSTANTIAL RIGHTS, THE TRIAL COURT'S ORIGINAL JUDGMENT ENTRY OF CONVICTION AND SENTENCE FAILED TO ADVISE DEFENDANT OF THE SANCTION CONSEQUENCES OF VIOLATING POSTRELEASE CONTROL AND WHERE THE TRIAL COURT'S NUNC PRO TUNC ENTRY DID NOT IMPOSE ANY PERIOD OF POSTRELEASE CONTROL WHATSOEVER.

{¶5} Mr. Adams argues that he cannot be subject to post-release control for two reasons. First, he argues that the trial court did not include the consequences he would face for violating post-release control in its original sentencing entry. Second, he argues that the court

was required to include its notifications about post-release control in its nunc pro tunc entry. We conclude that his first argument is dispositive, so we will not address the second.

{¶6} "[I]n order to comply with separation-of-powers concerns and to fulfill the requirements of the postrelease-control-sentencing statutes, * * * a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18. This includes "notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *Id*. The trial court must also "incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing[,]" which includes incorporating the consequences of violating post-release control. *Id*. at ¶ 19; *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 11 ("[T]he imposed post-release control sanctions are to be included in the judgment entry journalized by the court."). "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at paragraph one of the syllabus.

{¶7} The trial court's sentencing entry included the fact that it had notified Mr. Adams about "the consequences of violating the terms of post-release control" at sentencing. It did not, however, repeat what those consequences were. The State argues that the entry's language is adequate, citing *State v. Hruby*, 6th Dist. Ottawa No. OT-10-036, 2011-Ohio-3848. In *Hruby*, the Sixth District court of appeals concluded that, even though the trial court's sentencing entry did not include any of the consequences for violating post-release control, the fact that it referred

to the court's explanation of those consequences at the sentencing hearing was sufficient. *Id*. at ¶ 28.

{¶8} We conclude that the resolution of this issue, however, is controlled by *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831. In *Ketterer*, the trial court's judgment entry provided, in part, that "[t]he [c]ourt has notified the defendant that post release control is Mandatory in this case up to a maximum of 5 years, as well as the consequences for violating conditions of post release control imposed by the Parole Board, under Revised Code Section 2967.28." (Emphasis deleted). *Id*. at ¶ 68. The Supreme Court explained that one of the entry's defects was that it did "not state that Ketterer was informed that if he violated his supervision or a condition of postrelease control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed, which here is an aggregate 11 years." *Id*. at ¶ 77. It concluded that, because the "entry does not contain proper language explaining the consequences of a violation of postrelease control," the case had to be remanded so that the trial court could give Mr. Ketterer "the proper terms of postrelease control[.]" *Id*. at ¶ 78, ¶ 79.

{¶9} Similar to the judgment entry in *Ketterer*, Mr. Adams's sentencing entry acknowledges that the court told him about the consequences of violating post-release control at the sentencing hearing. It does not, however, provide what those consequences are. We, therefore, conclude that it "does not contain proper language explaining the consequences" of violating post-release control. *Id*. at ¶ 78. Accordingly, that part of the sentencing entry is void and is set aside. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶ 26.

{¶10} Mr. Adams argues that, because he has already completed his prison term, the trial court cannot correct its sentencing entry. The Ohio Supreme Court "has consistently and repeatedly held that a trial court loses jurisdiction to resentence a defendant for the purpose of

imposing postrelease control once the defendant has served his entire sentence of incarceration." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 5; *State v. Leasure*, 9th Dist. Summit No. 25682, 2011-Ohio-3666, ¶ 10. Mr. Adams, therefore, argues that his post-release control term must be vacated.

{¶11} The State argues that, even if the trial court failed to properly include the consequences for violating post-release control in its sentencing entry, Mr. Adams is still subject to post-release control under Revised Code Section 2929.19(B)(2)(e). That section provides, in relevant part:

> If a court imposes a sentence including a prison term on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(2)(e) of this section that the parole board may impose a prison term * * * for a violation of that supervision or a condition of post-release control * * * or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if * * * the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term.

According to the State, because the date of Mr. Adams's sentencing was July 26, 2007, Section 2929.19(B)(2)(e) allows the parole board to sentence him for violating post-release control "so long as the parole board advised him prior to release that he was subject to supervision."

{¶12} In *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, the Ohio Supreme Court explained that, "in the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced." *Id*. at ¶ 71. This is because "[i]mposition of punishment is a function of the judicial branch of government." *Id*. The Supreme Court also explained that, notwithstanding language in Section 2929.14 that provides that a trial court's failure to include post-release control in its sentencing entry does not affect the mandatory period of post-release control for certain defendants, "[n]othing in that

division * * * provides that the executive branch may impose postrelease control if the sentencing court has not ordered it * * *." *Id*. at ¶ 72; *see* R.C. 2929.14(D)(1). It, therefore, held that Marcus Barnes, who had already completed his prison term, could not be "subjected to another sentencing to correct the trial court's flawed imposition of post-release control" and had to be discharged. *Id*. at ¶ 70, ¶ 72.[1]

{¶13} Upon review of the record, we conclude that, because the trial court did not correct its sentencing entry to properly impose post-release control before Mr. Adams completed his seven-year prison term, the parole board does not have authority to require him to serve five years of mandatory post-release control. *See Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, at ¶ 16 ("[U]nless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed."); *State v. Baker*, 9th Dist. Summit No. 26411, 2012-Ohio-5645, ¶ 5; *State v. Breeden*, 6th Dist. Lucas No. L-11-1122, 2012-Ohio-1100, ¶ 27-28; *State v. Scott*, 8th Dist. Cuyahoga No. 102301, 2015-Ohio-2161, ¶12; *State v. King*, 5th Dist. Muskingum No. CT2012-0009, 2012-Ohio-4580, ¶ 5-8.[2]

---

[1] We note that Revised Code Section 2929.191 creates a procedure for a trial court to correct its failure to properly impose post-release control in sentences imposed after July 11, 2006. *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, at paragraph two of the syllabus. A court can only use that procedure to correct a defect in the imposition of post-release control, however, "before the offender is released from imprisonment under that term * * *." R.C. 2929.191(A)(1). Accordingly, it has no application in this case. *State v. Chasteen*, 12th Dist. Butler No. CA2012-12-247, 2013-Ohio-3573, ¶ 22.

[2] The State has not argued that, even though Mr. Adams has been released, the trial court retains authority to correct the post-release control deficiency through a nunc pro tunc entry. Accordingly, we will not address that issue.

Consequently, we do not reach Mr. Adams's argument about the trial court's failure to include the terms of his post-release control in its nunc pro tunc order. Mr. Adams's assignment of error is sustained.

### III.

**{¶14}** Because the trial court did not include in its sentencing entry the consequences Mr. Adams would face if he violated post-release control, the part of the entry imposing post-release control is void. The court lost the authority to correct the problem after Mr. Adams completed his prison term. It, therefore, should have granted Ms. Adams's motion to vacate post-release control. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for the trial court to vacate Mr. Adams's term of post-release control and to order the refund of any post-release control fees he has paid.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.