[Cite as *State v. Alston*, 2016-Ohio-4987.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.    15CA010771 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| FREDRICK ALSTON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    04CR066245 |

DECISION AND JOURNAL ENTRY

Dated: July 18, 2016

WHITMORE, Judge.

{¶1}   Appellant, Fredrick Alston, appeals from the March 5, 2015 judgment of the Lorain County Court of Common Pleas denying his motion to partially void his 2005 judgment for drug trafficking due to sentencing errors.  This Court affirms, in part, and reverses, in part.

I

{¶2}   On June 27, 2005, Mr. Alston pleaded guilty to two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), both felonies of the fifth degree.  On July 12, 2005, the trial court sentenced him to six months of imprisonment for each count of trafficking, to be served concurrently.  In its judgment entry, the trial court addressed post-release control and indicated that a stenographer was present in court during the sentencing hearing.

{¶3}   According to the record, Mr. Alston's calculated prison release date was December 23, 2005, almost eleven years ago.

{¶4}    On March 3, 2015, Mr. Alston filed a motion to find the July 12, 2005 judgment entry "void in-part," based upon the trial court's failure to comply with R.C. 2925.03(D)(2), R.C. 2967.28(C), and R.C. 2929.19(B)[2](e).   Specifically, he argued that the trial court failed to impose a mandatory driver's license suspension as part of his sentence and to "correctly" notify him about post- release control.  On March 5, 2015, the trial court denied Mr. Alston's motion.

{¶5}    Mr. Alston now appeals, raising two assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT FAILED TO COMPLY WITH [THE] STATUTORY REQUIREMENTS OF R.C. 2925.03(D)(2), WHEN THE COURT FAILED TO IMPOSE THE MANDATORY DRIVER'S LICENSE SUSPENSION, RENDERING THE JUDGMENT VOID AND A NON-FINAL APPEALABLE ORDER.

{¶6}    In his first assignment of error, Mr. Alston argues that "R.C. 2925.03(D) mandates the driver's license suspension of an offender who is convicted of or pleads guilty to a violation of R.C. 2925.03(A)."   Further, Mr. Alston argues that the trial court's failure to impose the mandatory driver's license suspension renders the entire judgment void.  We disagree.

{¶7}    R.C. 2925.03(D) states, in relevant part, that:

In addition to any prison term authorized or required by division (C) of this section and sections 2929.13 and 2929.14 of the Revised Code, and in addition to any other sanction imposed for the offense under this section or sections 2929.11 to 2929.18 of the Revised Code, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section shall do all of the following that are applicable regarding the offender:

* * *

(2) The court shall suspend the driver's or commercial driver's license or permit of the offender in accordance with division (G) of this section.

{¶8}    Further, R.C. 2925.03(G) states that:

[w]hen required under division (D)(2) of this section or any other provision of this chapter, the court shall suspend for not less than six months or more than five years the driver's or commercial driver's license or permit of any person who is convicted of or pleads guilty to any violation of this section or any other specified provision of this chapter.

**{¶9}** This Court agrees that the July 12, 2005 judgment entry does not include a mandatory driver's license suspension for Mr. Alston's violation of R.C. 2925.03(A). In *State v. Mundy*, 9th Dist. Medina No. 10CA0039-M, 2012-Ohio-4201, ¶ 4, we addressed "[w]hether a trial court's failure to impose the statutorily mandated driver's license suspension under R.C. 2925.03(G) when required for drug trafficking convictions renders the sentence void." Following a certified conflict on this issue, the Supreme Court of Ohio answered affirmatively and remanded *Mundy* for this Court to apply *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908. In applying *Harris*, we vacated *that portion* of the sentence and remanded the matter to the trial court for further proceedings. *See Mundy* at ¶ 7. In *Harris*, the Supreme Court of Ohio stated that "[w]hen a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void. *Resentencing of the offender is limited to the imposition of the mandatory driver's license suspension*." (Emphasis added.) *Id*. at paragraph one of syllabus.

**{¶10}** However, because Mr. Alston has long since completed his six-month prison term, the trial court is divested of its jurisdiction to resentence him to the mandatory driver's license suspension under R.C. 2925.03(G). "The Ohio Supreme Court 'has consistently and repeatedly held that a trial court loses jurisdiction to resentence a defendant * * * once the defendant has served his entire sentence of incarceration.'" *State v. Adams*, 9th Dist. Lorain No. 14CA010709, 2016-Ohio-336, ¶ 10, quoting *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 5, citing *State v. Leasure,* 9th Dist. Summit No. 25682, 2011-Ohio-3666, ¶ 10.

Therefore, even though the trial court erred in failing to sentence Mr. Alston to a mandatory driver's license suspension, he cannot be resentenced to impose the driver's license suspension at this time. Further, only that part of Mr. Alston's sentence would be considered void. *See Harris* at paragraph one of the syllabus.

{¶11} Mr. Alston's first assignment of error is sustained, in part, as to the trial court's error in failing to impose a mandatory driver's license suspension, and overruled, in part, as to the entire sentence being void and a non-final appealable order.

### Assignment of Error Number Two

THE TRIAL COURT FAILED TO COMPLY WITH THE STATUTORY REQUIREMENT[S] OF R.C. 2967.28(C) AND R.C. 2929.19(B)[2](e) WHEN THE COURT FAILED TO STATE THAT [MR. ALSTON'S] POST[-]RELEASE CONTROL WAS UP TO THREE YEARS AND TO NOTIFY [MR. ALSTON] OF THE CONSEQUENCES IN THE JUDGMENT OF CONVICTION, RENDERING THE JUDGMENT VOID AND A NON-FINAL APPEALABLE ORDER.

{¶12} In his second assignment of error, Mr. Alston argues that the trial court failed to comply with the statutory requirements of R.C. 2967.28(C) and R.C. 2929.19(B)[2](e) when notifying him about post-release control in the July 12, 2005 judgment entry, making the entire judgment void. We disagree.

{¶13} "[I]n order to * * * fulfill the requirements of the post[-]release[]control[]sentencing statutes, * * * a trial court must provide statutorily compliant notification to a defendant regarding post[-]release control at the time of sentencing." *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18. In *Adams*, 2016-Ohio-336, at ¶ 6, we stated that, in order to be statutorily compliant, the trial court must:

"notify[] the defendant of the details of the post[-]release control and the consequences of violating post[-]release control." *Qualls* at ¶ 18. The trial court must also "incorporate into the sentencing entry the post[-]release[]control notice to reflect the notification that was given at the sentencing hearing[,]" which

includes incorporating the consequences of violating post-release control. *Id.* at ¶ 19; * * * "A sentence that does not include the statutorily mandated term of post[-]release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, at paragraph one of the syllabus.

* * *

Further, "when a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside. Neither the Constitution nor common sense commands anything more." (Emphasis sic.) *Fischer* at ¶ 26.

{¶14} In the present matter, Mr. Alston argues that the July 12, 2005 judgment should be void due to the trial court's failure to comply with the statutory requirements of R.C. 2967.28(C) and R.C. 2929.19(B)[2](e) in its judgment entry. We note that Mr. Alston did not provide the trial court with a transcript from his sentencing hearing. As such, this Court is constrained by the record on appeal and must presume regularity in the trial court's proceedings. *See State v. Ford*, 9th Dist. Summit No. 26260, 2012-Ohio-4028, ¶ 10. Accordingly, we presume that Mr. Alston received a statutorily compliant in-court notification of post-release control in 2005. *See State v. Baker*, 9th Dist. Summit No. 26411, 2012-Ohio-5645, ¶ 13, Whitmore J. dissenting.

{¶15} However, we must also determine whether the trial court's judgment entry properly notified Mr. Alston regarding post-release control.

{¶16} Here, the Judgment Entry states that:

The court has further notified [Mr. Alston] that post[-]release control is (mandatory/optional) in this case up to a maximum of (3/5) years, as well as the consequences for violating conditions of post[-]release control imposed by the Parole Board under Ohio Rev. Code § 2967.28. [Mr. Alston] is ordered to serve as part of this sentence any term of post[-]release control imposed by the Parole Board, and any prison term for violation of that post[-]release control.

{¶17} In *Adams*, 2016-Ohio-336, at ¶ 8, this Court relied upon *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, in concluding that the trial court's judgment entry did not provide proper notification regarding post-release control.

> In *Ketterer,* the trial court's judgment entry provided, in part, that "[t]he [c]ourt has notified the defendant that post[-]release control is Mandatory in this case up to a maximum of 5 years, as well as the consequences for violating conditions of post[-]release control imposed by the Parole Board, under Revised Code Section 2967.28." (Emphasis deleted*.*) *Ketterer* at ¶ 68. "The Supreme Court explained that one of the entry's defects was that it did 'not state that [Mr.] Ketterer was informed that if he violated his supervision or a condition of post[-]release control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed, which here is an aggregate 11 years.'" *Id.* at ¶ 77.

*Adams* at ¶ 8. The *Ketterer* Court concluded that, because the "entry does not contain proper language explaining the consequences of a violation of post[-]release control," the case had to be remanded so that the trial court could give Mr. Ketterer "the proper terms of post[-]release control[.]" *Ketterer* at ¶ 78-79.

{¶18} Based upon the foregoing, we conclude that Mr. Alston's sentencing entry is deficient because (1) it does not indicate whether post-release control is mandatory or optional, (2) it does not indicate whether Mr. Alston would be subject to post-release control for three or five years, and (3) it does not adequately explain the consequences for violating the conditions of post-release control. *See id.* As such, that *part* of Mr. Alston's sentencing entry is void and is set aside. *See Adams* at ¶ 9, citing *Fischer*, 128 OhioSt.3d 92, 2010-Ohio-6238, at ¶ 26. However, as indicated in the first assignment of error, Mr. Alston has completed his six-month prison term and the "'trial court loses jurisdiction to resentence a defendant for the purpose of imposing post[-]release control once the defendant has served his entire sentence of incarceration.'" *Adams* at ¶ 10, quoting *Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, at ¶ 5, citing *Leasure*, 2011-

Ohio-3666, at ¶ 10. Therefore, although the July 12, 2005 judgment entry is void, in part, as to post-release control, the trial court cannot correct the judgment entry at this time.

{¶19} Mr. Alston's second assignment of error is sustained, in part, as to post-release control, and overruled, in part, as to the entire sentence being void and a non-final appealable order.

## III

{¶20} Mr. Alston's assignments of error are sustained, in part, and overruled, in part. The judgment of the Lorain County Court of Common Pleas is reversed, in part, only to the extent that the trial court held that the July 12, 2005 judgment entry was not partially void as to the mandatory driver's license suspension and post-release control, and affirmed, in part, as to the general denial of Mr. Alston's untimely motion. There is no further relief available to correct these sentencing errors at this time.

Judgment affirmed, in part,
and reversed, in part.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

FREDRICK M. ALSTON, pro so, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.