ABELE, J.
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment that denied a motion for summary judgment and for judgment on the pleadings filed by Benjamin H. Roberts, defendant below and appellant herein. Appellant assigns the following error for review:[1]
"DID THE TRAIL [SIC] COURT ERR IN FAILING TO IMPOSE POST RELEASE CONTROL AT ROBERTS' SENTENCING HEARING AND/OR IN THE COURT'S JANUARY 26, 2006 'JUDGMENT ENTRY AND FINAL APPEALABLE ENTRY'?"
{¶ 2} In January 2006, appellant agreed to plead guilty to the following offenses: (1) two counts of fourth-degree-felony trafficking in crack cocaine; (2) four counts of third-degree-felony trafficking in crack cocaine; (3) first-degree-felony trafficking in crack cocaine; (4) first-degree-felony aggravated possession of crack cocaine; (5) third-degree-felony having weapons while under a disability; and (6) fifth-degree-felony possessing criminal tools.
{¶ 3} At the change of plea hearing, the trial court informed appellant, inter alia, that "[t]here are felonies of the first degree involved," which "means if you are to enter a plea you could be subject to a period of post release control for up to five years." The court did not verbally advise appellant that he could be subject to any terms of discretionary postrelease control for the third, fourth, and fifth degree felonies. After accepting appellant's guilty plea, the court immediately sentenced appellant. When the court announced appellant's sentence, the court did not indicate whether any of the sentences included *66 mandatory or discretionary postrelease control.
{¶ 4} On January 26, 2006, the trial court entered a combined entry reciting its acceptance of appellant's guilty plea, finding appellant guilty, and imposing sentence. The court's entry states that the court advised appellant
that if sentenced to a term of imprisonment for a felony of the first * * * degree, * * * post release control is mandatory, and [appellant] will be supervised under post release control upon release from prison.
Further, for a felony of the first degree * * * the mandatory period of post release control is five years * * *.
The Court further advised [appellant] that if sentenced to a term of imprisonment for a felony of the third, fourth or fifth degree that is not subject to [R.C.] 2929.19(B)(3)(c), post release control is discretionary and the Court notified appellant that he * * * may be supervised under post release control for up to three years upon release from prison.
(Emphasis added.)
{¶ 5} The trial court then sentenced appellant to serve the following prison terms and ordered that he serve them concurrently to one another: (1) seventeen months in prison for each of the fourth-degree-felony trafficking in cocaine offenses; (2) four years in prison for each of the third-degree felony trafficking in crack cocaine offenses; (3) five years in prison for the first-degree felony trafficking in crack cocaine offense; (4) five years in prison for the first-degree felony aggravated possession of crack cocaine offense; (6) four years in prison for the third-degree-felony having weapons while under a disability offense; and (7) twelve months in prison for the fifth-degree-felony possessing criminal tools offense. The sentencing portion of the court's entry does not mention whether postrelease control accompanied the sentences. Appellant did not appeal the trial court's judgment.
{¶ 6} Approximately ten years later, on February 23, 2016, appellant filed a "motion to find the judgment entered on January 26, 2006 'not a final appealable order and void in-part,' where the trial court failed to properly comply with a number of statutory requirements." Appellant asserted that the court did not properly impose postrelease control and failed to comply with sentencing provisions regarding mandatory fines and court costs. Appellant requested the court to declare the judgment a "non-final appealable order" and void, in part, due to the court's failure to correctly impose postrelease control.
{¶ 7} Appellant attached to his motion a copy of a July 27, 2015 warrant for his arrest that the Adult Parole Authority (APA) issued. The warrant indicates that on November 24, 2015, appellant was released from prison and placed under the APA's supervision. The warrant recites that the APA believes appellant violated the conditions of his release. Appellant requested the court to void the outstanding warrant.
{¶ 8} In response, the state argued that the trial court advised appellant of postrelease control pursuant to the rules in effect at the time of his sentencing. The state further asserted that the court does not "impose" postrelease control, but instead, the APA imposes postrelease control. The state claimed that the court is simply "obligated to advise a defendant of the rules regarding post-release control."
{¶ 9} On March 1, 2016, the trial court overruled appellant's motion. The court found that it did not have authority to impose postrelease control for a third, fourth, or fifth degree felony.
*67 {¶ 10} On March 14, 2016, appellant filed a "motion to find post release control void, based on the fact that the trial court failed to impose post release control as to count seven and eight, which are felonies of a first degree in the judgment entry." Appellant observed that the court's March 1, 2016 entry indicated that it did not have authority to impose postrelease control for third, fourth, or fifth degree felonies. He asserted that the court does have jurisdiction to impose postrelease control for first-degree felonies and pointed out that he pled guilty to two first-degree felonies. Appellant argued that the court failed to impose the mandatory five-year term of postrelease control for the felonies and requested the court to find that the court failed to properly impose postrelease control and declare his postrelease control void.
{¶ 11} On May 6, 2016, appellant filed a "motion for summary judgment and judgment on pleadings filed on March 14, 2016 regarding void judgment." Appellant alleged that the trial court's January 26, 2006 judgment is void due to the failure to properly impose postrelease control.
{¶ 12} On May 12, 2016, the trial court overruled appellant's summary judgment motion. The court determined that it resolved "these matters" in its March 1, 2016 judgment entry. The court also found that appellant currently is imprisoned in a federal corrections institution, with approximately five and one-half years remaining. The court additionally determined that "summary judgment is not an appropriate remedy in a criminal action of this type." This appeal followed.
{¶ 13} In his sole assignment of error, appellant asserts that the trial court improperly overruled his motion that requested the court to void the postrelease control that the APA imposed.[2] Appellant contends that the postrelease control portion of the court's 2006 sentencing entry fails to actually impose any term of postrelease control. Appellant thus contends that the court never properly imposed postrelease control and that the outstanding warrant for his arrest for violating the terms of his postrelease control is void.
{¶ 14} The state responds that the trial court did not err by overruling appellant's summary judgment motion. The state first contends that summary judgment motions are inapplicable to criminal proceedings. The state also disputes appellant's allegation *68 that his postrelease control is void. The state asserts that the trial court complied with the sentencing statutes in effect at the time of appellant's sentencing and provided appellant with appropriate notice concerning postrelease control.
{¶ 15} Initially, we do not agree with the state that the trial court properly denied appellant's motion solely on the basis that he styled it as a "summary judgment" motion. Instead, courts should "recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." State v. Schlee , 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 (citations omitted) (recasting defendant's Civ.R. 60(B) motion as postconviction relief petition when he filed it after direct appeal, claimed a denial of the Ohio Supreme Court takes a rather liberal view when reviewing criminal defendants' motions to vacate void postrelease control sanctions). In State v. Fischer , 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the court suggested that a "motion to correct an illegal sentence" is "an appropriate vehicle for raising the claim that the sentence is facially illegal at any time." Id. at ¶ 25 ; accord State v. Williams , 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234 (considering defendant's "motion to correct sentences which are 'contrary to law,' " State v. Williams , 9th Dist. Summit No. 27482, 2015-Ohio-2632, 2015 WL 3962390, ¶ 3 ). The Supreme Court did not explain what procedural rules apply to this type of motion, except to state that res judicata does not prevent a court from vacating a void judgment. The court explained:
Because "[n]o court has the authority to impose a sentence that is contrary to law," [ Fischer ] at ¶ 23, when the trial court disregards statutory mandates, "[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack." Id. at ¶ 30.
Id. at ¶ 22.
{¶ 16} In the case at bar, although appellant may have styled his May 6, 2016 motion as a summary judgment motion, the text of his motion indicates that he sought relief from what he alleges is a void sentence, as argued in his March 14, 2016 motion. We therefore do not review this appeal as an appeal from a trial court's judgment denying a summary judgment motion. Instead, appellant's motion should be recast as a motion to correct an illegal sentence and review this appeal using the void-sentence doctrine. Fischer at ¶ 25 ; see State v. Mosley , 1st Dist. Hamilton No. C-150429, 2016-Ohio-5525, 2016 WL 4495162, ¶ 4-5 (recognizing that postconviction relief petition cannot afford relief to defendant who seeks to vacate a void postrelease control sentence and reviewing defendant's assertions under void-sentence doctrine).
{¶ 17} "[A] sentence that is not in accordance with statutorily mandated terms is void." Fischer at ¶ 8. Thus, " '[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.' " State v. Billiter , 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 7, quoting Fischer at paragraph one of the syllabus; accord Williams at ¶ 21 (citations omitted) ("[A] sentence is void when the trial court fails to impose a statutorily mandated term of postrelease control."); State v. Holdcroft , 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph two of the syllabus. Additionally, "[w]hen a defendant is convicted of or pleads guilty to one or more *69 offenses and postrelease control is not properly included in a sentence for a particular offense, the [attempted imposition of postrelease control] is void." State v. Bezak , 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16, modified on other grounds in Fischer at ¶ 28 (in Fischer at ¶ 27, the court noted that it "reaffirm[ed]" this aspect of Bezak and only modified Bezak 's holding that a defendant is entitled to a new sentencing hearing).
[I]f a trial court imposes a sentence that is unauthorized by law, the sentence is void. " 'The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' "
Billiter at ¶ 10, quoting Bezak at ¶ 12, quoting Romito v. Maxwell , 10 Ohio St.2d 266, 267-268, 227 N.E.2d 223 (1967). "But if the sentencing court had jurisdiction and statutory authority to act, sentencing errors do not render the sentence void, and the sentence can be set aside only if successfully challenged on direct appeal." Williams at ¶ 23, citing Fischer at ¶ 6-7 ; State v. Payne , 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28.
{¶ 18} Additionally, "in the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced." State v. Bloomer , 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 71. Instead, "the sentencing court [makes] the decision to impose the penalty of postrelease control and the [APA] carrie[s] out that judgment." Id. ; accord Hernandez at ¶ 18 (noting that "nothing in R.C. 2967.28 authorizes the Adult Parole Authority to exercise its postrelease-control authority if postrelease control is not imposed by the trial court in its sentence"). Thus, " 'unless a trial court includes postrelease control in its sentence, the Adult Parole Authority is without authority to impose it.' " Hernandez at ¶ 20, quoting State v. Jordan , 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 19.
{¶ 19} In the case sub judice, it appears that the trial court failed to correctly impose postrelease control. Former R.C. 2929.19(B)(3)(c), as in effect on the date of appellant's sentencing hearing, required a sentencing court imposing a prison term upon a first-degree felony to notify the offender that "the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." 2004 Ohio Laws File 163 (Am. Sub. H.B. 473). Former R.C. 2929.19(B)(3)(d) required a sentencing court imposing a prison term upon third, fourth, or fifth degree felony offenders to notify the offender that "the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison." Id. Additionally, former R.C. 2929.19(B)(3)(e) required the court to notify an offender being sentenced to a prison term
that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender [.][3]
Id.
{¶ 20} In addition to the foregoing notification provisions, former *70 R.C. 2929.14(F)[4] and 2967.28[5] required
that every sentence of imprisonment for a felony contain a term of postrelease control, regardless of whether the offense is subject to a mandatory period for an enumerated term of years pursuant to R.C. 2967.28(B) or a discretionary period to be imposed as determined necessary by the parole board pursuant to R.C. 2967.28(C).
Jordan at ¶ 20. Consequently, "[w]hile it is true that the Adult Parole Authority may exercise discretion in imposing postrelease control in certain cases, a sentencing trial court has no such discretion." Id. at ¶ 22. As the Jordan court explained:
Accordingly, if a trial court has decided to impose a prison term upon a felony offender, it is duty-bound to notify that offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry, which thereby empowers the executive branch of government to exercise its discretion. Woods v. Telb , 89 Ohio St.3d [504] at 512-513, 733 N.E.2d 1103 [ (2000) ]. Stated differently, even in cases under R.C. 2967.28(C) where the General Assembly has granted the Adult Parole Authority discretion to impose postrelease control, a sentencing trial court must notify the offender about postrelease control and include it in its judgment entry. Therefore, the distinction between discretionary and mandatory postrelease control is one without a difference with regard to the duty of the trial court to notify the offender at the sentencing hearing and to incorporate postrelease control notification into its journal entry. See R.C. 2967.28(B) and (C).
Id. at ¶ 22 ; accord State v. Cockrell , 8th Dist. Cuyahoga No. 104207, 2017-Ohio-1358, 2017 WL 1365421, ¶ 16 citing State v. Singleton , 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958 (observing that Singleton held that "postrelease control does not arise by operation of law and its imposition will be rendered void unless the trial court imposes the statutorily mandated term, advises the defendant of that term at the time of sentencing, advises the defendant of the consequences of violating *71 postrelease control at sentencing, and incorporates in the court's sentencing journal entry that the notifications were given").
{¶ 21} In the case at bar, the trial court informed appellant, during the plea proceeding part of the hearing, that (1) "if" appellant pleads guilty to a first degree felony, he "could be subject" to a five-year term of postrelease control, (2) "if" the court sentences him to a prison term for a first-degree felony, "post release control is mandatory," "he will be supervised under post release control upon release from prison," and "the mandatory period of post release control" for a first-degree felony is five years, and (3) "if" the court sentences him to prison for a third, fourth, or fifth degree felony, "post release control is discretionary," and he "may be supervised under post release control for up to three years upon release from prison." When the court imposed sentence, however, the court did not include any terms of postrelease control that would or might follow appellant's release from prison. Thus, although the court notified appellant of what might happen if the court sentenced him to a prison term for a first, third, fourth, or fifth degree felony, the court did not actually impose postrelease control. Consequently, because the trial court did not properly impose postrelease control, appellant's postrelease control sanction is void and the APA lacked authority to impose postrelease control. See Hernandez (determining that parole board lacked authority to impose postrelease control when the court failed to notify offender of postrelease control or to incorporate it into sentencing entry); State v. Simpkins , 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 6 ("[I]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void * * *"); see also State v. Smith , 2016-Ohio-4688, 70 N.E.3d 135, ¶ 8 (9th Dist.) (determining postrelease control void when trial court failed to complete "the section in [its] sentencing entry concerning postrelease control").
{¶ 22} Furthermore, because appellant has completed the prison term that the court imposed, the trial court no longer has the power to remedy its failure to correctly impose postrelease control. Holdcroft , paragraphs two and three of the syllabus ; State v. Qualls , 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 16, citing Hernandez at ¶ 28-30 ("[o]ne principle is that unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed."); Bloomer at ¶ 70 (explaining that "once an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing entry to correct the trial court's flawed imposition of postrelease control"); State v. Adams , 9 th Dist. Lorain No. 14CA010709, 2016-Ohio-336, 2016 WL 515433, ¶ 13 (concluding that trial court's failure to correctly impose postrelease control before defendant completed prison term meant that parole board lack authority to impose postrelease control). Consequently, we agree with appellant that the trial court's attempt to impose postrelease control failed to comply with statutory mandates and is therefore void. As such, the APA lacked authority to place appellant on postrelease control after he completed the prison term imposed in this case.
{¶ 23} Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error, reverse the trial court's judgment, and vacate appellant's postrelease control.
*72 JUDGMENT REVERSED AND POSTRELEASE CONTROL SANCTIONS HEREBY VACATED.
Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

Appellant's brief does not delineate an assignment of error as App.R. 16(A)(3) requires. Rather, he presents a "question raised," which we construe as his assignment of error.

We point out that the only evidence in the record to indicate that the APA placed appellant on postrelease control is the July 25, 2015 arrest warrant. The state, however, does not dispute that appellant was indeed placed on postrelease control. We therefore do not question it.
Additionally, we question whether appellant employed the proper procedure to void the adult parole authority's imposition of postrelease control. See Hernandez v. Kelly , 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 12 (noting that defendant did not challenge court's sentencing entry, but instead, challenged the APA's "decision-not a court's decision-to place him on postrelease control" and determining that "[h]abeas corpus will lie to challenge certain decisions of the Adult Parole Authority because there is no remedy of appeal available"). Neither party has raised this issue. Thus, we do not address it, but instead, will presume for purposes of this appeal only that appellant's motion is procedurally proper.
We also observe that in Hernandez , unlike in the case at bar, the court's sentencing entry "says nothing about postrelease control." Id. at ¶ 26. Therefore, we express no opinion whether a writ of habeas corpus would have been proper in the case sub judice. See generally Patterson v. Ohio Adult Parole Auth. , 120 Ohio St.3d 311, 2008-Ohio-6147, 898 N.E.2d 950, ¶ 8 ("We have never held that [a claim of improper postrelease control notification during sentencing hearing] can be raised by extraordinary writ when the sentencing entry includes postrelease control, however inartfully it might be phrased.").

Appellant has not argued that the trial court failed to comply with this provision. We include it merely for purposes of explanation.

Former R.C. 2929.14(F) stated:
If a court imposes a prison term of a type described in division (B) of section 2967.28 of the Revised Code, it shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division. If a court imposes a prison term of a type described in division (C) of that section, it shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division, if the parole board determines that a period of post-release control is necessary.
2004 Ohio Laws File 163 (Am. Sub. H.B. 473).

Former R.C. 2967.28 stated:
(B) Each sentence to a prison term for a felony of the first degree, * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:
(1) For a felony of the first degree or for a felony sex offense, five years;
* * * *
(C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.
2002 Ohio Laws File 210 (H.B. 510)